UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
   *Plaintiff-Appellee,*

v.

GARY A. ROBINSON,
   *Defendant-Appellant.*

No. 01-5007

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
William M. Nickerson, Senior District Judge.
(CR-01-52)

Submitted: August 29, 2002

Decided: September 25, 2002

Before NIEMEYER, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

James Wyda, Federal Public Defender, Daniel W. Stiller, Assistant Federal Public Defender, Greenbelt, Maryland, for Appellant. Thomas M. DiBiagio, United States Attorney, Susan Q. Amiot, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Gary A. Robinson was convicted of being a felon in possession of a firearm. On appeal, he raises three issues. For the reasons that follow, we affirm.

First, Robinson alleges that the district court erred by failing to grant his motion for a new trial on the grounds of newly discovered evidence. We do not find that the district court abused its discretion, *United States v. Singh*, 54 F.3d 1182, 1190 (4th Cir. 1995) (stating review standard), because the evidence at issue was merely cumulative. *United States v. Chavis*, 880 F.2d 788, 793 (4th Cir. 1989) (listing elements required to establish grounds for new trial, including that the evidence must not be merely cumulative or impeaching).

Second, Robinson alleges that the district court improperly gave him a two-level enhancement under *U.S. Sentencing Guidelines Manual* § 2K2.1(b)(4) (2000), because the firearm at issue had a serial number. It is undisputed, however, that the firearm at issue did, in fact, have an obliterated serial number. That the firearm also had a hidden serial number, that was not obliterated, is without moment.

Finally, Robinson argues that under *United States v. Lopez*, 514 U.S. 549 (1995), the interstate commerce element of 18 U.S.C. § 922(g) (2000) exceeds Congress' Commerce Clause authority, and thus, his conviction should be overturned. This court has rejected this argument. *United States v. Gallimore*, 247 F.3d 134, 138 (4th Cir. 2001); *United States v. Nathan*, 202 F.3d 230, 234 (4th Cir.), *cert. denied*, 529 U.S. 1123 (2000).

Accordingly, because Robinson's claims are without merit, we affirm Robinson's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*